UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRODUCT SOLUTIONS
INTERNATIONAL, INC.,

    Plaintiff,                                    Civil Action No. 19-CV-12790

vs.                                            HON. BERNARD A. FRIEDMAN

P.B. PRODUCTS, LLC d/b/a
ORGO and EVERYTHING ORGO,
ALDEZ CONTAINERS, LLC, DIANE
PATTISON COPEK and MICHAEL
J. BYRNE,

    Defendants.
_____/

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter is presently before the Court on defendants' motion to dismiss for failure to state a claim [ECF No. 5]. Plaintiff has responded and defendants have replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a breach of contract case. Plaintiff Product Solutions International, Inc. ("PSI") filed a seven count complaint against defendants P.B. Products, LLC d/b/a ORGO and Everything Orgo (collectively, ("Orgo") and individuals Diane Pattison Copek ("Copek") and Michael Byrne ("Byrne"), as well as Aldez Containers, LLC ("Aldez"). PSI alleges that it entered into a contract with defendants in which PSI acted as a middle man between Orgo and a factory in China regarding the manufacture of certain bags on which Orgo holds the patent ("Orgo bags"). The crux of PSI's claim is that defendants did not order all of the Orgo bags described in a purchase order which provided for the purchase of 100,000 Orgo bags. Instead, PSI alleges that defendants purchased far less than 100,000 Orgo bags, leaving PSI obligated

on its contract with the manufacturer in China for the un-purchased Orgo bags. PSI's complaint asserts the following claims: Count I (Breach of Contract); Count II (Promissory Estoppel); Count III (Fraud); Count IV (Silent Fraud); Count V (Negligent Misrepresentation); Count VI (Innocent Misrepresentation); and Count VII (Non-acceptance of conforming goods under the Uniform Commercial Code).

The pertinent background facts are as follows: On January 25, 2016, Orgo issued a "Purchase Order" to PSI for "100,000 pieces" (Orgo bags) at a price of $8.76 each. The Purchase Order provided that the Orgo bags were to be "released as requested in sea container quantities per release." (ECF No. 1, PageID.65) The Purchase Order also provided that product was to be shipped to Orgo, care of Aldez, but made no other reference to Aldez. Over the next two years, Orgo issued four additional "Purchase Orders" and PSI issued invoices for Orgo bags in the following quantities:

| Date | Invoice Number | Units (number of bags) |
| --- | --- | --- |
| February 17, 2016 | 3358 | 11,088 |
| June 8, 2016 | 3403 | 11,232 |
| August 9, 2016 | 3406 | 11,232 |
| August 15, 2017 | 3506 | 4,752 |

Orgo paid each of these invoices in full. Orgo did not order any additional Orgo bags from PSI. The Purchase Orders listed above amounted to a total purchase of 32,297 Orgo bags, well below the 100,000 Orgo bags that PSI believes defendants are obligated to purchase.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). In deciding a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

Defendants first argue that PSI's tort claims must be dismissed. Pursuant to the economic loss doctrine, Michigan courts deny tort claims where only economic loss is sustained. *Cargill, Inc. v. Boag Cold Storage Warehouse, Inc.*, 71 F.3d 545 (6th Cir. 1996). The rule is that where the relationship between the parties is contractual, and where no personal injury or damage to property has occurred, the buyer's rights are limited to those provided by the Uniform Commercial Code. *McGhee v. General Motors*, 296 N.W.2d 286, 291 (Mich. App. 1980). Under this doctrine, "[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 615 (Mich. 1992). The *Neibarger* Court further explained, "If a commercial purchaser were allowed to sue in tort to recover economic loss, the UCC would be rendered meaningless and contract law would drown in a sea of tort." *Id*. at 618.

3

An exception to this doctrine is recognized in cases of fraud in the inducement. This exception is available where a fraud in the inducement claim is independent of the contractual claims. This exception applies only in narrow circumstances:

> The 'fraud in the inducement' exception applies only where the fraud in question is extraneous to the contract. A fraud is interwoven with the breach when the misrepresentations alleged by plaintiff relate solely to the quality and characteristics of defendant's product. In those cases, the misrepresentations relate to the breaching party's performance of the contract, and do not give rise to an independent cause of action in tort.

*Wright Tool Co. v. Chemchamp North American Corp.*, 185 F. Supp. 2d 781, 784 (E.D. Mich. 2002). The fraud in the inducement exception is limited to claims of misrepresentation regarding matters other than the quality or character of the goods sold. *Huron Tool and Eng'g Co. v. Precision Consulting Servs., Inc.*, 209 Mich. App. 365, 373 (1995).

Defendants correctly argue that the economic loss doctrine bars PSI's tort claims. PSI does not identify any duty separate and distinct from the parties' agreement. While PSI alleges that defendants made misrepresentations and acted fraudulently, all of the allegations center on defendants' failure to purchase a total of 100,000 Orgo bags. Defendants' alleged obligation is a contractual duty relating to the character of goods sold, i.e., the quantity. Nothing in the complaint alleges any duty apart from contract. Therefore, PSI's tort-based fraud claims must be dismissed. Therefore, Counts III (Fraud), Count IV (Silent Fraud); Count V (Negligent Misrepresentation); and Count VI (Innocent Misrepresentation) must be dismissed. Although defendants argue that Count II (promissory estoppel) must also be dismissed, the Court will separately address that claim below.

Defendants next argue that PSI has failed to plead plausible claims against the

individual defendants, Copek and Byrne. "[C]orporate officials may be held personally liable for their individual tortious acts done in the course of business, regardless of whether they were acting for their personal benefit or the corporation's benefit." *Dep't of Agric. v. Appletree Mktg., L.L.C.*, 779 N.W.2d 237, 246-47 (Mich. 2010) (quoting *Livonia Bldg. Materials Co. v. Harrison Constr. Co.*, 742 N.W.2d 140, 143–44 (Mich. Ct. of App. 2007)). However, the only assertion against Copek and Byrne is that they are "members" of the Orgo LLC. PSI only mentions Copek or Byrne in conjunction with parallel allegations against Orgo. The allegations also make clear that any communications made by Copek and Byrne were made in the course of performing under the purchase orders between PSI and Orgo. PSI identifies a Confidentiality Agreement which was signed by Orgo as President. PSI also points to the purchase order for 100 samples. The purchase order is on Orgo letterhead, and other than showing that Copek issued the purchase order for Orgo, there is no mention of her. Byrne is not mentioned at all. Moreover, the mere assertion that emails were exchanged by either Copek or Byrne does not create a separate contract. All of the allegations against Copek and Byrne are related to the purchase orders for Orgo bags. PSI has not alleged any wrongdoing by Copek or Byrne beyond the purchase order at issue. To the extent that PSI named Copek and Byrne to avoid application of the economic loss doctrine, this avenue fails. *See DBI Investments, LLC v. Blavin*, 617 F. App'x 374, 382 (E.D. Mich. 2014) (dismissing tort based claims against individual defendants in an action based on a limited partnership agreement, stating in part that "Plaintiff cannot avoid the economic loss doctrine merely by suing Defendant in his personal capacity.")

Further, although PSI names Aldez as a party, the complaint alleges no facts asserting any duty owed or any breach by Aldez. The complaint does not allege that Aldez was

a party to any contract. The complaint merely alleges that Aldez is a shipping company. Thus, PSI has not alleged a plausible claim against Aldez.

Defendants next argue that PSI has failed to state a claim for breach of contract because the purchase order on which they rely, which calls for the sale of 100,000 Orgo bags, was a "blanket purchase order" which does not give rise to a contractual obligation. As the Sixth Circuit has explained,

> [a] blanket purchase order does not oblige [the seller] to manufacture or ship any parts. That obligation arises when [the buyer] issues what is known as a shipment, production, or release order that would issue against the blanket purchase order. Blanket purchase orders can last for some time, while shipment orders are issued against them.

*Detroit Radiant Prods. Co. v. BSH Home Appliances Corp.*, 473 F.3d 623, 631 (6th Cir. 2007) (quoting *Urban Assocs. v. Standex Elecs., Inc.*, No. 04-40059, 2006 WL 250020 at *1 (E.D. Mich. Jan. 30, 2006)). The problem for defendants, however, is determining whether the purchase order which provides for the purchase of 100,000 Orgo bags is a blanket purchase order is a fact intensive exercise which cannot be undertaken on a motion to dismiss. Indeed, the cases on which defendants rely did not resolve this issue on motions to dismiss. *Detroit Radiant*, *supra*, was an appeal following a bench trial. *Urban Assocs.*, *supra*, was a summary judgment decision. Similarly, *Warren Indus., Inc. v. PMG Indiana Corp.*, No.13-13026, 2014 WL 12585775 (E.D. Mich. Nov. 25, 2014), was a summary judgment decision. Although defendants spend a good deal of time arguing that the purchase order for the 100,000 Orgo bags was a blanket purchase order because it was not as detailed as the subsequent purchase orders, the issue is whether PSI has alleged a plausible claim for breach of contract for the purchase of 100,000 Orgo bags. It has. Whether the purchase order on which it bases its claim for breach

will survive a post-discovery motion remains to be seen.

As to PSI's claim for promissory estoppel, "[w]here an express contract to which plaintiff was a signatory governs the premise of the alleged unjust enrichment, like promissory estoppel, [the complaint] is subject to dismissal for failure to state a claim." *DBI Investments, LLC v. Blavin*, No. 13–CV–13259, 2014 WL 902866, at *6 (E.D. Mich. Mar. 7, 2014) (citing *Martin v. E. Lansing Sch. Dist.*, 483 N.W.2d 656, 661 (Mich. Ct. of App. 1992), and *Convergent Grp. Corp. v. Cnty. of Kent*, 266 F. Supp. 2d 647, 661 (W.D. Mich. 2003)).

Here, however, PSI has pled promissory estoppel as an alternative to its breach of contract claim for the 100,000 Orgo bags. Rule 8 allows for alternative pleading:

> A party may set forth two or more statements of a claim . . . alternatively or hypothetically, either in one count . . . or in separate counts . . . . When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims . . . as the party has regardless of consistency. . . .

Fed. R. Civ. P. 8(e)(2). In other words, a pleading does not become insufficient by reason of a party having made alternative, or even contradictory, claims. *See Rowe v. Cleveland Pneumatic Co.*, 690 F.2d 88, 92 (6th Cir. 1982).

PSI has pled in the alternative; either there is an express contract for the purchase of 100,000 Orgo bags or PSI is entitled to a quasi-contractual remedy of promissory estoppel. PSI is permitted to plead both at this early stage. *See Ajuba Int'l, L.L.C. v. Saharia*, 871 F. Supp. 2d 671 (E.D. Mich. 2012); *Detroit Tigers, Inc. v. Ignite Sports Media, LLC*., 203 F. Supp. 2d 789, 798 (E.D. Mich. 2002). Therefore, Count II is permitted to go forward at this time.

Finally, defendants did not provide any argument as to PSI's claim under Count

VII, alleging non-acceptance of conforming goods.  Presumably, defendants argue that Count VII fails for the reasons that PSI's breach of contract claim fails.  As discussed above, PSI's breach of contract claim is not subject to dismissal.  Count VII remains for the same reasons.  Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted in part and denied in part as follows:  PSI's claims against Copek, Byrne, and Aldez are dismissed.  Counts III, IV, V, and VI are dismissed.  Counts I, II, and VII remain against Orgo only.

                                            s/Bernard A. Friedman
                                            BERNARD A. FRIEDMAN
                                            SENIOR UNITED STATES DISTRICT JUDGE

Dated: Dated June 12, 2020
       Detroit, Michigan